OPINION OF THE COURT
Daniel F. McMahon, J.
The defendant has moved after the close of the People’s case for a trial order of dismissal (CPL 290.10, subd 1). Decision was reserved until the entire case was completed. Defendant stands charged with the crimes of murder in the second degree (two counts); manslaughter in the second degree; assault in the first degree; robbery in the first degree; burglary in the first degree; grand larceny in the third degree; criminal possession of stolen property in the first degree and second degree; and criminal possession of a weapon in the fourth degree.
These crimes stem from a robbery committed on September 14,1982 at 12 Kensington Oval and a high-speed chase which occurred during the defendant’s immediate flight therefrom. With respect to those counts relating to the circumstances of the robbery (counts 5 through 10), this court denies defendant’s motion. The evidence presented adequately establishes legally sufficient evidence. On the other hand, those counts arising out of the immediate flight from 12 Kensington Oval present a more troublesome issue.
*479 Here, defendant argues that the People have failed to establish legally sufficient proof that defendant in any way caused the tragic death of Police Officer Gary Pagano and serious physical injury to Sergeant Eric Halbekath (now Lieutenant). The People, while conceding there is no authority directly supporting their position, seek to expand the scope of the felony murder statute and hold the defendant liable for the death and serious injury of the police officers simply because they were pursuing the defendant in his immediate and evasive flight from a robbery.
Subdivision 3 of section 125.25 of the Penal Law provides in part that “[a] person is guilty of murder in the second degree when: * * * [ajeting either alone or with one or more other persons, he commits or attempts to commit robbery * * * and, in * * * [the] immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants” (emphasis added).
In effect, the People seek to expand the felony murder statute so as to eliminate the material element of causation. To this, we cannot subscribe. (Penal Law, § 125.00; People v Brengard, 265 NY 100, 108.)
Before a court can submit a charge to the jury, the People must first bring forward legally sufficient trial evidence as to each and every material element of the crime. Where proof falls below this level, then as a matter of law, the court should dismiss the count. (CPL 290.10, subd 1.)
Alternatively, the People argue that sufficient proof in the nature of circumstantial evidence has been established prima facie. We turn briefly to a discussion of the facts:
Defendant and his accomplice were observed leaving the scene of a robbery at 12 Kensington Oval in a red Dodge van. Information concerning the incident, including the description of the getaway van was related to police. Officer Pagano received this information while on patrol with Sergeant Eric Halbekath in New Rochelle and shortly thereafter observed a van fitting this description heading toward the southbound entrance ramp of Interstate 95. The van failed to pull over, entered the highway and a high-speed chase ensued with speeds approaching 90 miles per hour or more.
*480 Defendant eluded his pursuers by blocking, weaving and speeding. Clearly, defendant’s manifest intent was to put as much distance as possible between himself and the police car.
Two witnesses also traveling southbound observed a portion of the chase. Each observed the vehicles pass out of sight because of their speed and the fact that the interstate gradually began to curve to the right. At a point within the curve, just inside The Bronx, the witnesses observed a large cloud of dust rise up. Traversing this distance, which took upwards of 10 seconds and Vi to V2 mile, the witnesses came upon the accident involving the police car and an abandoned truck illegally parked on the right-hand shoulder of the roadway. Police Officer Pagano was killed and Sergeant Halbekath was seriously injured.
The People’s reliance on a circumstantial theory of causation is unsupportable since there is no proof of any physical interaction between the fleeing van and the police car in the 10 seconds immediately prior to the accident. No witness saw the crash and there is no evidence of any contact between these vehicles.[1]
In terms of the felony murder statute, these facts, if believed, clearly establish that defendant committed a robbery, and that Police Officer Pagano was killed and Sergeant Halbekath seriously injured while pursuing defendant in the immediate flight therefrom. The remaining element and integral nexus is that of causation.
What act, if any, on defendant’s part can fairly be said to have caused the resulting death and injury so as to warrant the imposition of criminal liability? What legal standard applies?
The issue of causation was addressed by the Court of Appeals in People v Kibbe (35 NY2d 407).[2] There, they held that before criminal liability may be imposed, a defendant’s action must be found to be “a sufficiently direct *481 cause of [the ensuing] death.” (At p 412.) In so holding, they recognized this standard is greater than that required to serve as a basis of tort liability.
For an act to be a sufficiently direct cause, it is not necessary that the ultimate harm be intended by the actor. It will suffice if it can be said, prima facie,[3] that the ultimate harm is something which should have been foreseen as being reasonably related to the acts of the accused. (People v Kibbe, supra, p 412.)
In other words, to establish legally sufficient trial evidence, the People must show that a defendant committed some act which is a proximate cause of death (irrespective of his intent) and upon evaluating that act it must be said that death was a reasonably foreseeable and nonaccidental consequence.
From the evidence presented, it can fairly be said that defendant brought into motion a chain of events which eventually led to the death of Police Officer Pagano. High-speed chases by their very nature are inherently dangerous and, accordingly, it is reasonably foreseeable that a death could result. This conclusion, however, is supportable only if causation is shown.
Taking the evidence in its best light to the People, as we must on a motion to dismiss, we find that the defendant eluded his pursuers solely by means of defensive tactics, i.e., blocking, weaving and speeding. Accordingly, no affirmative acts on defendant’s part can be said to be a “sufficiently direct cause” of the accident being mindful that there was no contact between vehicles.
In addition, there are a number of factors which may be considered as interrupting or superseding the chain of events which defendant set in motion. Among these factors are the condition of the roadway, the condition of the police vehicle and the reasonableness of the pursuit. We consider the reasonableness of pursuit highly significant in light of section 1104 of the Vehicle and Traffic Law.
That statute, inter alia, provides that a driver of an emergency vehicle, when involved in an emergency opera *482 tion (such as hot pursuit) may “[e]xceed the maximum speed limits so long as he does not endanger life or property”. Further, the statute admonishes emergency drivers that they will not be relieved “from the duty to drive with due regard for the safety of all persons, nor shall [this statute] protect the driver from the consequences of his reckless disregard for the safety of others.”
Testimony of the expert witness for the People in accident reconstruction, Officer Stephen Coulon, established that in the few seconds before the accident, the police officer never applied his brakes. The vehicle bounced off the center divider yawing and skidding sideways diagonally to the right and striking the abandoned truck on the right shoulder. The precise position of the truck at that point was not foreseeable and was a cause of great damage.
As to the condition of the vehicle and the road surface, the People’s expert witness testified that the police vehicle had a partially bald left front tire and the road surface had a “drag factor” of slightly less than average. Since the road surface was dry on the date of the accident, both of these conditions, in the opinion of the expert, had little or no effect on the accident. However, Officer Coulon conceded the tire was below required State standards and maintenance records for the police vehicle reflected a recent complaint the car pulled to the left. This was allegedly corrected.
On these facts, taken in the light most favorable to the People, we hold that prima facie proof with respect to causation by the defendant has not been established. Accordingly, counts 1 through 4 of the indictment dealing with felony murder and related crimes[4] are dismissed.

. In fact, the theory of felony murder as presented to the Grand Jury was predicated on an absence of contact. The Assistant District Attorney charged them as a matter of law that no contact occurred between these vehicles.

. While this case of homicide was prosecuted under a theory of depraved indifference to human life (Penal Law, 8 125.25, subd 2) the analysis of the proximate causation element is directly relevant with respect to felony murder. (See, also, People v Stewart, 40 NY2d 692, 697; People v Cable, 96 AD2d 251.)

. The court in Kibbe (supra, p 412) used the phrase “beyond a reasonable doubt” since their issue was one of sufficiency to sustain a conviction. In the case at bar, we are only dealing with that quantum of proof required to submit the charge to the jury.

. With respect to count 3, accusing the defendant of recklessly causing the death of Police Officer Pagano, no evidence whatsoever has been presented; accordingly, it too is dismissed.